FILED: 10/16/2020 2:04 PM
David Trantham
Denton County District Clerk
By: Raquel Gonzalez, Deputy

NO. ___20-8422-462___

| | | |
|---|---|---|
| EFRAIN CASTILLO | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | DENTON COUNTY, T E X A S |
| | § | |
| BRYCE A. PINNELL AND | § | |
| W H KENT INC. | § | _____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, EFRAIN CASTILLO, hereinafter referred to as Plaintiff, and files this his Original Petition complaining of BRYCE A. PINNELL AND W H KENT INC., hereinafter referred to as Defendants, and in support thereof would show the Court as follows:

### I.

Discovery in this case is intended to be conducted under a Level 3 discovery plan.

### II.

Plaintiff is a resident of the State of Texas.

Defendant BRYCE A. PINNELL (hereinafter referred to as PINNELL) is an individual who is a non-resident of Texas, whose home address is 401 North Monroe Street, Morrisonville, Illinois 62546, and who may be served with process by serving the Chairman of the Texas Transportation Commission at 125 East 11th Street, Austin, Travis County, Texas 78701, as Defendant's agent for service because Defendant was a party to a collision or an accident while operating a motor vehicle in Texas.

*Page 1 of 6*

**EXHIBIT D-1**

Defendant W H KENT INC. (hereinafter referred to as KENT) is a foreign corporation, and therefore a non-resident, who engages in business in the State of Texas, but does not maintain a regular place of business in this state or a designated agent for service of process.  Thus, the Secretary of State of Texas is an agent for service of process on this Defendant and may be served by serving duplicate copies of process upon the Secretary of State of Texas, at the James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.  The Secretary of State of Texas immediately upon being served with said process shall immediately mail a copy of the process to said Defendant at Defendant's home office at 110 6th Street, Morrisonville, Illinois 62546 by registered mail, or certified mail/return receipt requested.

### III.

Venue is proper in Denton County because the incident made the basis of this lawsuit occurred in Denton County, Texas.  Furthermore, Defendants continuously and systematically do business within Denton County, Texas and are subject to personal jurisdiction in Denton County, Texas.

### IV.

On or about October 29, 2018, Plaintiff was traveling Northbound on I-35 in the right lane near its intersection with US 77/Elm Street in Denton, Denton County, Texas and stopped as traffic began to slow in front of him.  Defendant PINNELL, while in the course and scope of his employment with Defendant KENT, was operating and driving a tractor-trailer owned and maintained by Defendant KENT, and, in failing to pay attention to the traffic in front of him and to keep an assured clear distance, struck the rear of Plaintiff's vehicle.  This collision cause Plaintiff to suffer serious, debilitating, and permanent injuries.

*Page 2 of 6*

# EXHIBIT D-2

Defendant PINNELL, at the time of the collision in question, was an agent, ostensible agent, servant, and/or employee of Defendant KENT, and the vehicle driven by Defendant PINNELL was owned by Defendant KENT.  Said collision resulted in serious and disabling injuries to the Plaintiff.

**V.**

Plaintiff would respectfully show that nothing he did nor failed to do caused or in any way contributed to cause the occurrence in question.  On the contrary, the collision in question was proximately caused by the failure of Defendant PINNELL to operate his vehicle with ordinary care and by said Defendant's violations of the statutes of the State of Texas in some one or more of the following particulars:

(a)     In that Defendant PINNELL operated the vehicle which he was driving in a careless and reckless manner, in violation of Statute 545.401 of the Texas Transportation Code;

(b)     In that Defendant PINNELL failed to keep a proper lookout for other vehicles at the time of and on the occasion made the basis of this suit, in violation of Statute 545.060 of the Texas Transportation Code;

(c)     In that Defendant PINNELL failed to keep the vehicle which he was driving under reasonable and proper control, in violation of Statute 545.060 of the Texas Transportation Code;

(d)     In that Defendant PINNELL failed to reduce the speed of the vehicle which he was driving immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances, in violation of Statute 545.351 of the Texas Transportation Code;

(e)     In that Defendant PINNELL failed to keep an assured clear distance, resulting in a collision; and

(f)     In more particularity to be shown at the time of trial.

Each and all of the above and foregoing acts on the part of Defendant PINNELL, both of omission and commission, were negligent and constituted negligence, negligent entrustment and

**EXHIBIT D-3**

negligence per se, and were each and all a proximate cause of the occurrence in question and the injuries and damages suffered by Plaintiff.

Further, Defendant KENT is legally responsible to Plaintiff for the negligent conduct of Defendant PINNELL under the legal doctrines of respondeat superior, agency and/or ostensible agency, because Defendant PINNELL was at all times material hereto an agent, ostensible agent, servant, and/or employee of Defendant KENT and was acting within the course and scope of his employment. Further, the truck being operated by Defendant PINNELL was owned, maintained and/or operated by Defendant KENT, and said Defendant is responsible to Plaintiff for his damages for any negligent maintenance of the vehicle or supervision of Defendant PINNELL which was a proximate cause of the occurrence in question.

## VI.

As a result of the aforesaid negligence on the part of the Defendants, and each of them, Plaintiff has suffered injuries and damages. Plaintiff has suffered all legal elements of damages recognized by law, including physical pain and mental anguish, physical impairment, disfigurement, loss of ability to perform household services, and loss of earnings and/or earning capacity, and has incurred reasonable and necessary medical bills and expenses. Plaintiff will, in all reasonable probability, continue to suffer some or all of said legal elements of damages in the future beyond the date of trial of this cause. Accordingly, Plaintiff maintains this suit against Defendants, and each of them, for each of Plaintiff's foregoing legal elements of damages in a just and reasonable sum within the jurisdictional limits of this Honorable Court of monetary relief over TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) but not more than ONE MILLION AND 00/100 DOLLARS ($1,000,000.00), a demand for judgment for all the other relief to which Plaintiff

**EXHIBIT D-4**

deems himself entitled, plus pre-judgment and post-judgment interest on his damages as permitted by law.

Plaintiff respectfully asserts the request to be allowed to have the elements of damages considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for the injuries, losses and damages incurred, and to be incurred, and that each element of Plaintiff's respective damages be considered separately and individually, segregating the past and future losses, so that pre-judgement interest due Plaintiff may be computed.

## VII.

Plaintiff reserves the right to supplement and/or amend this pleading as discovery progresses.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein; and that upon final determination of this cause of action, Plaintiff have and recover judgment against Defendants, jointly and severally, for all actual damages to which he may be entitled; that Plaintiff recover all pre-judgment and post-judgment interest as allowed by law; that Plaintiff recover all costs of Court; that Plaintiff recover reasonable and necessary attorney's fees incurred; and all such other and further relief, both general and special, in law or in equity, to which Plaintiff may show himself justly entitled and for which he will ever pray.

**EXHIBIT D-5**

Respectfully submitted,

MATTHEWS & FORESTER

CHAD MATTHEWS
TSB # 00787980
3027 Marina Bay Drive, Suite 320
League City, Texas 77573
(281) 535-3000
(281) 535-3010 (FAX)
cmatthews@matforlaw.com

ATTORNEY FOR PLAINTIFF

**EXHIBIT D-6**